UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**BENJAMIN TICE DAUGHERTY**              **PLAINTIFF**

**v.**              **CIVIL ACTION NO. 4:19-CV-P141-JHM**

**GRAYSON COUNTY DETENTION CENTER et al.**      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint filed by Plaintiff Benjamin Tice Daugherty. The Court must undertake a preliminary review of the complaint under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Grayson County Detention Center (GCDC). He names as Defendants GCDC; GCDC Jailer Jason Woosley in his official capacity; and Twin Lakes Regional Medical Center. He alleges that on February 15, 2019, he injured his left foot. He was taken to the GCDC medical station later that day for an evaluation, at which time the nurse advised him that she needed a doctor's approval before she could send him for x-rays. He states that he returned to his housing unit and was forced to climb to the top bunk to go to sleep. He states that the next day he was transported to the hospital and his foot was x-rayed, revealing a broken bone; the next day, Plaintiff was moved to the medical unit and remained under medical observation for five months. According to Plaintiff, "Over the 5 months the plaintiff was transported to several medical appointments outside the jail. The outside doctors suggested

seeing the plaintiff every 2 weeks for checkups but was only seen about once a month." He alleges that during a visit with the outside doctors, one of the doctors told him that his foot was healing properly and to continue using crutches. Plaintiff states that he followed the doctor's advice, but at another checkup "an additional x-ray reveals the injury is not healing properly afterall and scar tissue is preventing the injury from making positive progress."

Plaintiff states that he was referred to a specialist who ordered a physical exam, blood work, and a bone stimulator but that he was never taken for the exam and the bone stimulator was never ordered. However, he states that he returned to the specialist at a later date and was told that his injury is now healing properly and that surgery is not needed but that if the pain persisted he should return to the specialist and be reevaluated for surgery. Plaintiff states that, at this point, he was held in GCDC's medical observation for two more weeks. Plaintiff alleges that he has been in continuous pain, now worse than ever. He alleges, "The foot needs to be rebroken at this point and would cause further pain and suffering . . . being denied proper medical care due to the fact that the cost of his medical treatment and security protocol are trumping the importance of his physical health." He also alleges that "if he were no[t] incarcerated he would have had been scheduled for surgery during his initial evaluation by the specialist doctor."

As relief, Plaintiff asks for monetary and punitive damages.

## II. <u>ANALYSIS</u>

On review under 28 U.S.C. § 1915A, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is legally frivolous when it lacks an arguable basis either in law or

in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Defendants GCDC and Woosley***

GCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, it is Grayson County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Grayson County is a "person" for purposes of § 1983. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Similarly, Plaintiff's claim against Defendant Woosley, the GCDC Jailer, in his official capacity should be construed as brought against the governmental entity, *i.e.*, Grayson County. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court will therefore construe the claims against Defendants GCDC and Woosley as brought against Grayson County.

When a § 1983 claim is made against a municipality, like Grayson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that

policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff's claim for violation of his constitutional right based on Grayson County having a policy of not paying for surgery or returning Plaintiff to be reevaluated for surgery to treat his continued pain may continue against Grayson County.

***Defendant Twin Lakes Regional Medical Center***

For purposes of this initial review, the Court assumes that the outside doctors to which Plaintiff refers are employed at Defendant Twin Lakes Regional Medical Center and that this Defendant is a state actor for purposes of § 1983 analysis. However, Plaintiff does not allege a violation of his constitutional rights pertaining to actions or inactions by this Defendant. A complaint must allege specific facts to explain how a defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so regarding Defendant Twin Lakes Regional Medical Center. Instead, Plaintiff details the treatment he received at Defendant Twin Lakes Regional Medical Center and does not allege that this Defendant was responsible for his continued foot pain or failure to have further examinations, bone stimulation, or surgery. As such, this claim must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of

action asserting a constitutional deprivation), and Defendant Twin Lakes Regional Medical Center will be dismissed.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claim against Defendant Twin Lakes Regional Medical Center is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED to terminate** Defendant Twin Lakes Regional Medical Center as a party to this action.

The Clerk of Court is further **DIRECTED to add** as a Defendant Grayson County and to **terminate** Defendants Grayson County Detention Center and Jason Woosley.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claim against Defendant Grayson County. In allowing this claim to go forward, the Court expresses no opinion on the ultimate merit of this claim.

Date: November 15, 2019

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Grayson County Attorney
4414.009